Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888 x167
Facsimile: 215-540-8817
teamkimmel@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GODWIN AGBIM,** | **Case No.:** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES** |
| **v.** | **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET. SEQ.** |
| **ZIP CAPITAL GROUP, LLC,** | **2. TEXAS BUSINESS & COMMERCIAL CODE §302.101, ET. SEQ.** |
| **Defendant.** | |
| | **JURY TRIAL DEMANDED** |

## COMPLAINT

**Godwin Agbim** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Zip Capital Group, LLC** (Defendant):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and § 302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.      This Court has personal jurisdiction over Defendant maintains its corporate headquarters within the Central District of California at 26 Executive Park Suite, 100 Irvine California 912614.

4.      This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

6.      Plaintiff is a natural person residing in Houston, Texas 77036.

7.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Defendant is a corporation with principal place of business, head office, or otherwise valid mailing address at 26 Executive Park, Suite 100, Irvine, California 92614.

9.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11.    Plaintiff has a cellular telephone number.

12.    Defendant repeatedly initiated telephone calls and transmitted text messages to Plaintiff on his cellular telephone number on a repetitive and continuous basis for solicitation purposes.

13.    Defendant placed these calls and transmitted these text messages using an automatic telephone dialing system.

14.    Defendant's calls and text messages were not made for "emergency purposes."

15.    Plaintiff has been on the Do Not Call Registry since January of 2020.

16.    Defendant knew its calls and text messages were unwanted, therefore, all calls could have only been made solely for purposes of harassment.

17.    Defendant's incessant calls and text messages were bothersome, disruptive and frustrating for Plaintiff to endure.

18.    Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

19.    Defendant sought to conceal itself when sending the unlawful texts and calls, requiring Plaintiff to obtain accurate information about Defendant after the TCPA violations occurred.

20.    Plaintiff generated and retained records of cell phone screenshots revealing the dates and times of the unlawful ATDS calls/text placed by Defendant.

21.     Upon requesting proof of prior express written consent, Defendant instead furnished Plaintiff a portion of what it stated were Google search results for Plaintiff's cell number in which Defendant asserted that by virtue of a "Facebook Garage Sale" listing in those results, Plaintiff's cell number was a business line and excluded from TCPA and Do Not Call Registry protection.

22.     Plaintiff is a subscriber of a personal consumer cell account with his cell carrier.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

23.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

25.     Federal Communications Commission (FCC) reasonably interpreted TCPA to prohibit any call, including both voice and text call, using automatic telephone dialing system (ATDS) or artificial or prerecorded message to any wireless telephone number, and thus, "call" within meaning of TCPA included text message to consumers' cellular telephones by publisher and mobile marketing firm to advertise publication of novel. Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009)

26.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not

wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

27.    Defendant initiated multiple calls and texts to Plaintiff's telephone number using an automatic telephone dialing system.

28.    Defendant's calls were not made for "emergency purposes."

29.    Defendant's calls to Plaintiff without any prior express written consent.

30.    Because Defendant calls/texts without prior express written consent, Defendant also has no retention policy to prove consent was given.

31.    Defendant intentionally misrepresented proof of prior express written consent by asserting to Plaintiff that a randomly chosen Google search result for Plaintiff's cell number showing a "Facebook Garage Sale" listing somehow deprived Plaintiff of TCPA/DNC Registry protection as a "business number".

32.    Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

33.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS & COMMERICAL CODE

36.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37.    Plaintiff, received all calls and texts from Defendant in Texas and is entitled to other relief under Texas Law.

36.    §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

37.    Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

38.    §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Godwin Agbim,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3));

    d.    Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

    e.    Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code );

    f.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code

    g.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    h.    Any other relief this Honorable Court deems appropriate.

.

1

2                                        Respectfully submitted,

3

4    Dated: 10/5/2020                     By: */s/ Amy L. Bennecoff Ginsburg*
                                          Amy L. Bennecoff Ginsburg, Esq.
5                                         Kimmel & Silverman, P.C.
                                          30 East Butler Pike
6                                         Ambler, PA 19002
7                                         Phone: 215-540-8888 x167
                                          Facsimile: 877-788-2864
8                                         Email: teamkimmel@creditlaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
28                          PLAINTIFF'S COMPLAINT