Joshua Thomas Esq.
JoshuaLThomas@gmail.com
Appearing *Pro Hac Vice*
Law Offices of Joshua L. Thomas, PLLC.
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, PA 19317
(215) 806-1733

David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
CARLSON & MESSER LLP
5901 West Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
ZIP CAPITAL GROUP, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GODWIN AGBIM,<br><br>          Plaintiff,<br><br>     vs.<br><br>ZIP CAPITAL GROUP, LLC,<br><br>          Defendants. | CASE NO. 8:20-cv-01920-CJC-DFM<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STAY ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   January 11, 2021<br>Time:   1:30 p.m.<br>Judge:  Hon. Cormac J. Carney<br>Courtroom:  9B |

PLEASE TAKE NOTICE that on January 11, 2021, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 9B of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, CA 92701, Defendant ZIP CAPITAL GROUP, LLC ("Defendant") will and hereby does move this Court for an Order dismissing GODWIN AGBIM's ("Plaintiff") Complaint pursuant to Federal Rule

of Civil Procedure Rule 12(b) and 12(b)(6), and/or staying this action pending the Supreme Court's forthcoming decision in *Facebook, Inc. v. Duguid*, No. 19-511, on essentially the following grounds:

1. Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject-matter jurisdiction.

2. Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."

3. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S.Ct. 1955 at 1974.

4. This entire case is based on palpably incorrect information and relies on laws that may well be considered unconstitutional.

5. The sole claims are based on 47 USC § 227, et seq. and it is attempting to position itself as a class action, even with no basis to do so.

6. Further, the Supreme Court will also be considering this issue on December 8, 2020 in the matter of *Facebook, Inc. v. Duguid*.

7. If the Court rules along with the growing line of case law holding the entire TCPA unconstitutional, than it is very likely that this entire case could be rendered moot.

8. As such, this case should be dismissed, at a minimum without prejudice, until that case is heard by the Supreme Court, or with prejudice, since Plaintiff in this matter has no factual basis for their claim.

9. Additionally, Plaintiff's counsel is pursuing this action in bad faith, and should be held accountable for those actions.

10. As such, this matter should be dismissed with prejudice or stayed pending the outcome of *Facebook, Inc. v. Duguid*.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith and exhibits attached hereto, all papers and pleadings on file, any documents and facts of which this Court may

take judicial notice, and on such further oral and documentary evidence that may be offered at the Motion hearing.

Pursuant to L.R. 7-3, counsel for Defendant, Joshua L. Thomas, has reached out to counsel for Plaintiff several times, starting in October 2020, to meet-and-confer regarding the substance of this Motion and any potential resolution. However, counsel for Plaintiff has not responded.

DATED:  December 7, 2020            LAW OFFICE OF JOSHUA L. THOMAS

                                    By:    s/Joshua L. Thomas
                                           Joshua L. Thomas
                                           Attorneys for Defendant
                                           ZIP CAPITAL GROUP, LLC

DATED:  December 7, 2020            CARLSON & MESSER LLP

                                    By:    s/David J. Kaminski
                                           David J. Kaminski
                                           Attorneys for Defendant
                                           ZIP CAPITAL GROUP, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## SUMMARY

This entire case is based on palpably incorrect information and relies on laws that may well be considered unconstitutional or do not apply. The sole claims are based on 47 USC § 227, et seq. and it is attempting to rely on the "§ 302.101 OF THE TEXAS BUSINESS & COMMERICAL CODE" even though it is inapplicable in this case. Further, the Supreme Court will also be considering this issue on December 8, 2020 in the matter of *Facebook, Inc. v. Duguid*. If the court rules along with the growing line of case law holding the entire TCPA unconstitutional, than it is very likely that this entire case could be rendered moot. As such, this case should be dismissed, at a minimum without prejudice, until that case is heard by the Supreme Court, or with prejudice, since Plaintiff in this matter has no factual basis for their claims.

## LEGAL ARGUMENT

## THE CASE SHOULD BE DISMISSED WITH PREJUDICE

A.  <u>Standards of Review</u>

"A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations . . . ." *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990). A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S.Ct. 1937, 1949 (2009)(quoting case omitted).

To bring an action in federal court, a plaintiff must meet two minimum thresholds: (1) he or she must have standing to bring a legal claim; and (2) his or

her complaint must "state a claim to relief that is plausible on its face" containing factual allegations to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1155 (2013); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff, cannot satisfy either of these standards. His Complaint alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") by calling his phone ostensibly with using an artificial prerecorded voice or an automatic telephone dialing system ("ATDS") to collect its outstanding loan from Plaintiff.

Plaintiff lacks standing to assert these claims. He has not, and cannot, plead that he suffered any concrete or particularized injury from Defendant's alleged cellular phone calls, thereby lacks standing to assert a claim under the TCPA pursuant to the United States Supreme Court's recent ruling in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016) ("*Spokeo*"). Plaintiff also fails to plead facts establishing a plausible claim against Defendant. Rather than pleading specific facts, Plaintiff pleads barebones, conclusions that contain a formulaic recitation of the elements under the TCPA and inapplicable state law. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In this case, even if all facts are accepted to be accurate, this is no case that can be pursued here as there are no damages by the alleged parties that Plaintiff is attempting to sue. Instead, this is merely an attempt by plaintiff to extract monies from an innocent party that Plaintiff's attorneys should have known should not be pursued.

B.     Material Facts

In this particular case, there were never any violations, as Plaintiff's number, the only allegedly number called, is a business number and was listed as such on their MANTA and Facebook Business account. Problematically, Plaintiff's counsel

was informed of this, by Defendant back in September, and again by Defendant's counsel in October, 2020 but ignored and filed their deficient complaint any way. (See Exhibit A – Cease and Desist letter). As such, Plaintiff was aware that the complaint should not be filed, and their attorney acknowledged as much several times, but moved forward any way. As such, this case should be dismissed with prejudice.

### C. Legal Argument

This case should either be dismissed with prejudice, based on the aforementioned facts, or stayed, pending the outcome of *Facebook, Inc. v. Duguid*, No. 19-511 which is currently set to be heard in the Supreme Court on December 8, 2020. Additionally, this means a likely 2021 decision is to be had, that may vastly change the landscape for TCPA case law.

From the outset, this court lacks Subject Matter Jurisdiction. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007) ("If . . . a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course [is] to dismiss on that ground."). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint that fails to state a claim upon which relief can be granted. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To demonstrate a facially plausible basis for relief, a plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Defendant brings this motion to dismiss and/or to strike pursuant to Rules 12(b)(1), 12(b)(6) and 12(f) of Federal Rules of Civil Procedure. Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is a

threshold issue which goes to the power of the court to hear the case. Therefore, a 12(b)(1) motion must be decided before other motions, as they will become moot if dismissal is granted. *Vieira v. Woodford*, 2002 WL 1226852, at *1 (N.D. Cal. May 30, 2002). The "lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule 12(b)(1)." *Jurgens v. Dudendorf*, 2015 WL 4910536, at *2 (E.D. Cal. Aug. 17, 2015).

The burden of proof in a 12(b)(1) motion is on the party asserting jurisdiction. *Vieira*, 2002 WL 1226852, at *1. Argumentative inferences favorable to the pleader will not be drawn and the court will presume a lack of jurisdiction until the pleader proves otherwise. Id.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully," but show that plausible entitlement to relief. Id. An entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Applying these standards to the currently pending claims, it is clear that the case should be dismissed as the TCPA should be considered unconstitutional in regards to these claims. (See Exhibit B – Creasy v. Charter for reasoning in this matter.)

This Court should dismiss the First Cause of Action because Plaintiff lacks standing to bring a TCPA claim because he does not allege, and cannot establish, any concrete harm or injury as result of the alleged cellular telephone calls. To establish Article III standing, a plaintiff must: (1) have suffered an injury in fact;

(2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo*, 136 S. Ct. at 1547; *Lassen v. Nissan N. Am., Inc.*, 2016 WL 5868101, at *8 (C.D. Cal. Sept. 30, 2016). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Spokeo*, 136 S. Ct. at 1547. "Where, as here, a case is at the pleading stage, the plaintiff must "clearly ... allege facts demonstrating" each element." Id. Injury in fact is "the '[f]irst and foremost' of Article III standing's three elements." Id.

A plaintiff bringing a claim based on a statutory violation must still allege a concrete and particularized injury as a "plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it." Id. at 1549. "'For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" Id.at 1547-1548, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, n. 1. For an injury to beconcrete, the injury must actually exist; it "must be 'defacto.'" Id.

A "bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. Id. Applying *Spokeo*, courts have found a plaintiff lacks Article III standing to bring claims under the TCPA due to the failure to establish a concrete any "concrete harm" or injury as a result of its phone calls. See *Romero v. Department Stores National Bank*, et al., --- F.Supp.3d ---, 2016 WL 4184099, at *2 (S.D. Cal. Aug. 5, 2016); *Smith v. Aitima Med. Equip., Inc.*, 2016 WL 4618780, at *4 (CD. Cal. July 29, 2016).

In *Smith*, 2016 WL 4618780, at *1, a plaintiff who received one unwanted phone call from defendant "using an autodialer and/or an artificial or prerecorded voice." The court dismissed the plaintiff's TCPA claim for lack of standing despite allegations that both tangible and intangible harms – the drainage of cell phone battery, aggravation, and invasion of privacy by finding that "Plaintiff's de minimus injury is not sufficient to confer standing." Id. at *4. Similarly, in *Romero*, the court

found that a plaintiff, who had received 272 phone calls from a debt collector, could not establish standing under the TCPA because she could not show that any individual phone call had caused sufficient lost time, aggravation, and distress to constitute a concrete injury. *Romero*, 2016 WL 4184099 at *4. *Juarez v. Citibank, N.A.*, 2016 WL 4547914, at *2 (N.D. Cal. Sept. 1, 2016).

Recently, In *Shelton v Target Advance*, No. 18-2070, 2019 U.S. Dist. LEXIS 64713 (E.D. Pa. Apr. 16, 2019), the court found that "the [same] Plaintiff lacked standing to bring claims predicated on the TCPA's prohibition against sales calls to telephone numbers listed on the DNC because the cell number at issue was also for business use, and business numbers are not permitted to be registered on the National Do Not Call Registry." See Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd. 9779, 9785 (June 17, 2008) ("As the Commission has previously stated, the National Do Not Call Registry applies to 'residential subscribers' and does not preclude calls to businesses."); 47 C.F.R. § 64.1200(c).

In our case, Plaintiff does not plead any facts establishing that he suffered any concrete or particularized injury. In fact, Plaintiff does not allege that he suffered any damages whatsoever as a result of any alleged violations of the TCPA. (Complaint, ¶¶ 11-28.) At best, Plaintiff has simply alleged a bare procedural violation, which is insufficient to establish standing. It is important to note that Plaintiff's failure to plead a specific, concrete injury is particularly noteworthy in this case.

In 2015, Congress amended that provision's general robocall restriction to permit robocalls made to collect debts owed to or guaranteed by the federal government. That "government-debt exception" was short-lived. On July 6, 2020, the Supreme Court struck it down as an unconstitutional content-based restriction on speech and severed it from the rest of the statute. *See Barr v. Am. Ass'n of Political Consultants (AAPC)*, 140 S. Ct. 2335 (2020). Because of the ruling in that

case, and that the Supreme Court did not reach a clear majority, further clarification is necessary, however it appears that the entirety of § 227(b)(1)(A)(iii) was unconstitutional from the moment Congress enacted the offending government-debt exception to the moment the Court severed that exception to preserve the rest of the law in AAPC. As such, the alleged violations of an unconstitutional law are not enforceable in federal court. The entire reasoning is broken down quite clearly by Judge Heldman, and there is no reason that same logic cannot be applied in this case. (See Exhibit B). As such, even if the claims were valid, which they are not, then they should be currently deemed unconstitutional, and as such, the complaint must be dismissed for lack of subject matter jurisdiction.

Additionally, even if the case were not barred because the law being relied on is unconstitutional, there are no valid claims. Once again, the Plaintiff opted in on May 9, 2020. At no time, did Plaintiff opt out, nor is there an assertion that Plaintiff did so. As such, there are no valid claims in this matter. As such, this case must be dismissed.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). The circumstances here firmly favor a stay for several related reasons. All stem from the fact that a decision in Facebook promises to significantly hone the issues in this case. In Facebook, the Court will resolve a circuit split concerning the scope of the TCPA's definition of an "automatic telephone dialing system" (ATDS). Compare, e.g., *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019), with, e.g., *Dominguez* ex rel. *Himself v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018). In particular, the Court will determine "[w]hether the definition of ATDS in

the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator." *Facebook, Inc. v. Duguid*, No. 19-511 (U.S. July 9, 2020). The answer to that question has immediate bearing on the scope of the plaintiff's action. As such, if dismissal is not warranted, a stay is requested.

## CONCLUSION

For these reasons, this Court should dismiss the complaint with prejudice or stayed.

DATED: December 7, 2020      LAW OFFICE OF JOSHUA L. THOMAS

By:    s/Joshua L. Thomas
Joshua L. Thomas
Attorneys for Defendant
ZIP CAPITAL GROUP, LLC

DATED: December 7, 2020      CARLSON & MESSER LLP

By:    s/David J. Kaminski
David J. Kaminski
Attorneys for Defendant
ZIP CAPITAL GROUP, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2020, a true and correct copy of the foregoing document entitled NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STAY ACTION; MEMORANDUM OF POINTS AND AUTHORITIES was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

DATED: December 7, 2020       CARLSON & MESSER LLP

                                           By:   s/David J. Kaminski
                                                        David J. Kaminski
                                                        Attorneys for Defendant
                                                        ZIP CAPITAL GROUP, LLC