Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888 x167
Facsimile: 215-540-8817
teamkimmel@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GODWIN AGBIM,** <br><br> Plaintiff, <br><br> v. <br><br> **ZIP CAPITAL GROUP, LLC,** <br><br> Defendant . | Case No.: 8:20-cv-01920-CJC-DFM <br><br> **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS** <br><br> Motion Date: January 11, 2021 <br> Time: 1:30 p.m. <br> Judge: Hon. Cormac J. Carney <br> Courtroom: 9B |

**Godwin Agbim** ("Plaintiff" or "Agbim"), by and through his attorneys, **Kimmel & Silverman, P.C.**, files the instant memorandum of law in opposition to the motion to dismiss filed by Defendant **Zip Capital Group, LLC** ("Defendant" or "Zip"):

## I.    FACTUAL BACKGROUND

At all times relevant hereto, Mr. Agbim was a resident Houston, Texas. (Complaint, ¶ 6.)  Defendant is an Irvine, California-based business, which solicits sales by making cold-calls using automatic telephone dialing systems. (Complaint,

¶¶ 3, 12-19.) Seeking refuge from robo-calls, telemarketers and solicitors, Plaintiff signed up for the Federal Do-Not-Call Registry in January 2020. (Complaint, ¶ 15.) Despite the fact that Plaintiff's cellular telephone number was on the Do-Not-Call list, and despite the fact that Plaintiff never consented to receiving automated calls or any calls from Defendant s, Defendant placed multiple automated calls to Plaintiff's cell phone. (Complaint, ¶¶ 12-20.) Because the Defendant violated Mr. Agbim's right to be free from unwanted robocalls, Plaintiff filed suit against Defendant under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

## I. ARGUMENT

### A. Standard

#### 1. <u>Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1).</u>

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). A motion to dismiss pursuant to Rule 12(b)(1) seeks dismissal for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. *See, e.g.*, <u>Sopcak v. Northern Mountain Helicopter Serv.</u>, 52 F.3d 817, 818 (9th Cir. 1995); <u>Thornhill Pub. Co. v. General Tel. & Electronics Corp.</u>, 594 F.2d 730, 733 (9th

Cir. 1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. *See, e.g.*, Crisp v. United States, 966 F. Supp. 970, 971-72 (E.D. Cal. 1997). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint." Id. If the motion presents a facial attack, the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F. Supp. 53, 56 (N.D. Cal. 1992).

2. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*citing* Twombly, 550 U.S. at 556). The plausibility standard is not akin to a

"probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Chubb Custom Ins. Co., 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).  "[W]here the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not ' show[n]'—'that the pleader is entitled to relief."' Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  In Iqbal, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." Iqbal, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief" Id.  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."' Id. at 678

**B. Defendant Misconstrues the Holding in *Barr v. AAPC*. The Telephone Consumer Protection Act is Constitutional, as is its Application.**

In their Memorandum, Defendant makes the erroneous argument that application of the TCPA would be unconstitutional from the time of passage of the Bipartisan Budget Act of 2015 through the issuance of the 2020 US Supreme Court's ruling in Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335 (2020). (*See* Defendant's Memorandum, pp. 9-10.)[1] In doing so, Defendant misconstrues the Supreme Court's holding in Barr as though it held the precise opposite of what it did.

In Barr, the US Supreme Court struck down an exemption from TCPA liability that was afforded by the 2015 Bipartisan Budget Act to servicers of federally-guaranteed student loans. *See generally*, Barr. At the same that the federal-student loan exemption was invalidated, the Supreme Court declined to strike down the entire statute (which was enacted 24 years prior to the 2015 amendment), and instead applied the doctrine of severability and severed the unconstitutional 2015 amendment from the otherwise constitutional 1991 law. Id. Regarding severability and how the unconstitutional amendment related to the remainder of the TCPA, the High Court held as follows:

> With the government-debt exception severed, the remainder of the law is capable of functioning independently and thus would be fully operative as a law. **Indeed, the remainder of the robocall restriction did**

---

[1] Defendant also references a "cease and desist" letter from its counsel to the undersigned attorney's office. This perplexing letter is immaterial to the instant motion. Accordingly, Plaintiff does not have a substantive response to same.

> **function independently and fully operate as a law for 20-plus years before the government-debt exception was added in 2015.**
>
> ********
>
> The Court's precedents further support severing the 2015 government-debt exception. The Court has long applied severability principles in cases like this one, where Congress added an unconstitutional amendment to a prior law.
>
> *********
>
> Extending the robocall restriction to those robocalls raises no First Amendment problem. So the First Amendment does not tell us which way to cure the unequal treatment in this case. Therefore, we apply traditional severability principles. And as we have explained, severing the 2015 government-debt exception cures the unequal treatment and constitutes the proper result under the Court's traditional severability principles. In short, **the correct result in this case is to sever the 2015 government-debt exception and leave in place the longstanding robocall restriction.**

Barr, 140 S. Ct. 2335, 2353-55 (2020) (emphasis added).

By making the tenuous argument that enforcing the TCPA would effectively be punishment based on "unconstitutional content-based restrictions"[2], Defendant ignoreswhat the Barr Court actually held. In Barr, the Supreme Court's majority rejected the argument from the American Association of Political Consultants that the TCPA contained unconstitutional content-based restrictions on speech. Rather, the Barr court declined to strike the entire statute and instead severed and then invalidated the unconstitutional *exemption*. See Barr, at 2355 ("the correct result in

---

[2] (Defendants' Memorandum, p. 9.)

this case is to sever the 2015 government-debt exception and leave in place the longstanding robocall restriction.")

In Barr, the Supreme Court struck down an unconstitutional amendment inapposite to the facts and parties at issue. That unconstitutional amendment was severed by the Supreme Court while the remainder of the statute stood. Barr did not exempt all robo-callers from the TCPA. In fact, it explicitly did the opposite.

In support of Defendant's position, it cites two out-of-circuit decisions: Creasy v. Charter Communs., Inc., No. 20-1199, 2020 U.S. Dist. LEXIS 177798 (E.D. La. 2020) and Lidenbaum v. Realgy, LLC, No. 1:19 CV 2862, 2020 U.S. Dist. LEXIS 201572 (N.D. Ohio 2020). While those two district courts clearly applied Barr to hold the opposite of what it did, there are significantly more courts which correctly followed Barr to apply the TCPA to all robo-callers, rather than exempt all robo-callers from the statute. For instance, in Abramson v. Fed. Ins. Co., 2020 U.S. Dist. LEXIS 232937, at *3-4 (M.D. Fla. Dec. 11, 2020), the Court rejected an argument nearly identical to that asserted by Defendant in this matter ("Although XenCall cites two cases supporting its arguments, the vast majority of cases this has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by AAPC.") *See also* Buchanan v. Sullivan, No. 8:20-CV-301, 2020 U.S. Dist. LEXIS 202519, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020); Schmidt v. AmerAssist A/R Sols. Inc 2020 U.S. Dist. LEXIS 193358, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020); Burton v. Fundmerica, Inc., 2020 U.S. Dist. LEXIS 139299, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020); Salerno v. Credit One Bank, N.A., No. 15-CV-516 (JLS), 2020 U.S. Dist. LEXIS 133636, at *7 (W.D.N.Y. July 28, 2020) (rejecting Defendant 's request for a stay and noting the Barr court "did not invalidate the

TCPA as a whole.") Notably, no district court within the Ninth Circuit has adopted the sweeping and draconian reading of Creasy and Lindenbaum. This Court should follow the majority of courts nationwide by declining to adopt those misguided out-of-circuit decisions.

Because Plaintiff's Complaint asserts claims under the TCPA, a federal statute, this Court has subject matter jurisdiction over this case. Here, when Defendant was calling Mr. Agbim, the government-debt exemption was wholly inapposite. Based on the clear and unequivocal language of the Barr majority, the "longstanding robocall restriction" of the TCPA was in effect when Defendant placed automated calls to Mr. Agbim.

## II. CONCLUSION

For the foregoing reasons, Plaintiff Godwin Agbim respectfully requests this Honorable Court deny the Motion to Dismiss filed by Defendant Zip Capital Group, LLC.

Respectfully submitted,

Dated: 12/22/2020

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888 x167
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com

## CERTIFICATE OF SERVICE

- 8 -
PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
Case No. 8:20-cv-01920

I, Amy L.B. Ginsburg, hereby certify that on December 22, 2020, I served a true and correct copy of the foregoing on all parties of record via ECF.

*/s/ Amy L.B. Ginsburg*

- 9 -
PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
Case No. 8:20-cv-01920