

FILED
CLERK, U.S. DISTRICT COURT
2/2/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| GODWIN AGBIM, <br><br> Plaintiff, <br><br> v. <br><br> ZIP CAPITAL GROUP, LLC, <br><br> Defendant. | Case No.: SACV 20-01920-CJC (DFMx) <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THE CASE** [Dkt. 11] |

## I. INTRODUCTION & BACKGROUND

On October 5, 2020, Plaintiff Godwin Agbim filed this action against Defendant Zip Capital Group, LLC. (Dkt. 1 [Complaint, hereinafter "Compl."].) Plaintiff has a personal cell phone account and has been on the Do Not Call Registry since January 2020. (*Id.* ¶¶ 11, 15, 22.) Using an automated telephone dialing system, Defendant repeatedly called and texted Plaintiff's cell phone number for solicitation purposes. (*Id.*

-1-

¶¶ 12–13.) Defendant's texts and calls were not for emergency purposes. (*Id.* ¶ 14.) Defendant knew that its calls and text messages were unwanted, and they were "bothersome, disruptive and frustrating for Plaintiff." (*Id.* ¶ 17.)

Based on these facts, Plaintiff filed the instant lawsuit asserting violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and Texas's Business & Commercial Code § 302.101, *et seq.* (*Id.* ¶¶ 23–38.) Now before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6),[1] or in the alternative, stay the case. (Dkt. 11 [hereinafter "Mot."].) For the following reasons, Defendant's motion is **DENIED**.[2]

## II. DISCUSSION

### A. The Telephone Consumer Protection Act of 1991

The TCPA makes it "unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). It generally prohibits making nonemergency, unsolicited calls advertising "property, goods, or services" using automatic dialing systems and prerecorded messages to telephones and cellular phones. *Id.* § 227(a)(5), (b)(1)(A)(iii). Although the statute does not define a "call," the Federal Communications Commission (FCC), the agency implementing the

---

[1] Defendant also purports to move to strike pursuant to Rule 12(f). (Mot. at 6.) However, Defendant does not assert that Plaintiff's Complaint contains "redundant, immaterial, impertinent, or scandalous matter," which are the grounds to strike a pleading under Rule 12(f). Accordingly, the Court **DENIES** Defendant's motion to strike.

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 8, 2021, at 1:30 p.m. is hereby vacated and off calendar.

TCPA, has interpreted the TCPA to "encompass[] both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls," which are generally referred to as text messages. *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14115 (July 3, 2003). A call or text is not unsolicited, however, where the recipient gave the sender "prior express consent." 47 U.S.C. § 227(b)(1)(A).

### B. Motion to Dismiss - Standing

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. To satisfy Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) is likely redressed by a favorable decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A plaintiff establishes injury in fact if he or she suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992)).

Defendant argues that Plaintiff lacks standing to assert his TCPA claim because "he does not allege, and cannot establish, any concrete harm or injury as [a] result of the alleged cellular telephone calls." (Mot. at 7.) The Court disagrees. The Ninth Circuit has held that "the violation of the TCPA is a concrete, *de facto* injury." *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017); *see also Romero v. Department Stores Nat'l Bank*, 725 Fed. Appx. 537, 539 (9th Cir. 2018) (holding that "[t]he district court erred in concluding that [the plaintiff] lacked standing under Article III to bring a TCPA claim" based on *Van Patten*). The *Van Patten* court recognized that telemarketing calls and text messages, "absent consent, present the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA.

1  Unsolicited telemarketing phone calls or text messages, by their nature, invade the
2  privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under
3  the TCPA "need not allege any *additional* harm beyond the one Congress has identified."
4  *Van Patten*, 847 F.3d at 1043 (emphasis in original) (citing *Spokeo*, 136 S. Ct. at 1549).
5  Here, Plaintiff has alleged that he received unwanted telemarketing telephone calls and
6  text messages from Defendant that were bothersome, disruptive and frustrating for
7  Plaintiff. This is sufficient to establish standing.

### C. Motion to Dismiss – Failure to State a Claim

Defendant also moves to dismiss for failure to state a claim, pursuant to Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendant argues that the claim is barred because the Supreme Court's ruling in *Barr v. American Association of Political Consultants*, 140 S. Ct. 2335 (2020), renders "the entirety of § 227(b)(1)(A)(iii)" unconstitutional. (Mot. at 9–10.) Defendant's assertion completely misstates the ruling in *Barr*. *Barr* involved a constitutional

challenge to a 2015 amendment exempting robocalls to collect government debt from the general robocall restriction of § 227(b)(1)(A)(iii). 140 S. Ct. at 2346. In *Barr*, the Supreme Court held that the government-debt exception was an unconstitutional content-based restriction of speech. *Id.* at 2347. However, the *Barr* Court expressly declined to hold the entirety of § 227(b)(1)(A)(iii) unconstitutional, *id.* at 2348–49, and instead severed the government-debt exception and "[left] in place the longstanding robocall restriction," *id.* at 2355. Accordingly, Defendant cannot claim that the law Plaintiff relies on is unconstitutional. (*See* Mot. at 10.)

Defendant also asserts that Plaintiff opted in to its robocalls on May 9, 2020, (Mot. at 10), which would preclude Plaintiff from bringing his TCPA claim, *see* 47 U.S.C. § 227(b)(1)(A). At the motion to dismiss stage, however, the Court is concerned only with the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the Court construes Plaintiff's allegation that Defendant's "calls and text messages were unwanted" to mean that he did not opt-in to any calls from Defendant. (*See* Compl. ¶ 16.) Accepting all material allegations in the Complaint as true and construing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged Defendant's violation of the TCPA. *See Moyo*, 32 F.3d at 1384.

### D. Stay

In the alternative, Defendant requests the Court stay this case pending the resolution of *Facebook, Inc. v. Duguid*, No. 19-511 (U.S. July 9, 2020), which is currently awaiting decision before the Supreme Court. The Supreme Court granted certiorari in *Duguid* to address the question of "[w]hether the definition of [automatic telephone dialing system] in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" *Compare* Petition for Certiorari at ii, *Duguid*, No. 19-511

(Oct. 17, 2019), 2019 WL 5390116, at *ii *with Duguid*, 141 S. Ct. 193 (2020) (granting certiorari limited to the question of the definition of "automatic telephone dialing system").

A district court has the inherent power to stay its proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). However, it is not clear from the face of Plaintiff's Complaint how the question presented in *Duguid* is relevant in the instant case nor does Defendant offer any explanation. Accordingly, the Court finds a stay based on Defendant's conclusory assertion is unjustified.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss and request for stay is **DENIED.** Defendant shall file an answer to Plaintiffs' Complaint by February 16, 2021.

DATED: February 2, 2021

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE