Joshua Thomas Esq.
Joshua LThomas@gmail.com
Appearing Pro Hac Vice
Law Offices of Joshua L. Thomas, PLLC.
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, PA 19317
(215) 806-1733 Telephone

David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
CARLSON & MESSER LLP
5901 West Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile
Attorneys for Defendant
ZIP CAPITAL GROUP, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GODWIN AGBIM,<br><br>         Plaintiff,<br><br>vs.<br><br>ZIP CAPITAL GROUP, LLC,<br><br>         Defendant. | CASE NO. 8:20-cv-01920-CJC-DFM<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM** |

Defendant ZIP CAPITAL GROUP, LLC hereby answers the Complaint of Plaintiff GODWIN AGBIM as set forth below.

## ANSWER TO COMPLAINT

1.      Denied. This allegation sets forth the legal conclusion and as such, no further response required.

2.      Denied. This allegation sets forth the legal conclusion and as such, no further response required.

3.      Denied. The alleged violations have not taken place in this matter, so the veracity of this fact, or not, does not grant grounds to proceed.

4.      Denied. This allegation sets forth the legal conclusion and as such, no further response required.

5.      Denied. This allegation sets forth the legal conclusion and as such, no further response required.

6.      Denied. This allegation sets forth the legal conclusion and as such, no further response required.

7.      Denied. This allegation sets forth the legal conclusion and as such, no further response required.

8.      Denied. This allegation sets forth the legal conclusion and as such, no further response required.

9.      Denied. This allegation sets forth the legal conclusion and as such, no further response required.

10.      Denied. This allegation sets forth the legal conclusion and as such, no further response required.

11.      Denied. The alleged violations have not taken place in this matter, so the veracity of this fact, or not, does not grant grounds to proceed.

12.      Denied. This allegation sets forth the legal conclusion and as such, no further response required.

13.      Denied. This allegation sets forth the legal conclusion and as such, no further response required.

14.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

15.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

16.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

17.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

18.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

19.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

20.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

21.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

22.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

23.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

24.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

25.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

26.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

27.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

28.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

29.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

30.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

31.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

32.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

33.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

34.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

35.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

36.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

37.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.

38.     Denied. This allegation sets forth the legal conclusion and as such, no further response required.  Defendant further denies that Plaintiff is entitled to any relief as prayed for in this paragraph or otherwise requested in the Complaint.

WHEREFORE, Defendant demands entry of judgment as follows:

a.     Dismissing the Complaint;

b.     Awarding attorney's fees and cost of suit; and

c.     Granting such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.  The Complaint fails to state a cause of action upon which relief may be granted.

2.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.  Plaintiff's claims are barred by the doctrine of waiver and/or estoppel.

4.  Plaintiff is not the real party in interest and lacks standing to sue; all necessary parties have not been joined.

5.  Plaintiff claims are barred by the equitable doctrine of unclean hands, fraud, illegality, collusion, and conspiracy.

6.  To the extent that Plaintiff did sustain any damages, which Defendant denies, such damages were caused, in whole or in part, by the comparative fault of Plaintiff and /or third parties.

7.  Plaintiff has acted illegally an improperly at all relevant times and Plaintiff is therefore barred from any relief whatsoever.

8.  Plaintiffs own conduct, including that of its agents, contractors and partners, and/ or conduct of third parties, constitute superseding or intervening causes with respect to Plaintiff's claim of damage or injury.

9.  Plaintiff's claims are barred because Plaintiff would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the Complaint.

10.  Plaintiff's claims are barred to the extent he consented to the purported calls or messages at issue, via prior express written consent or otherwise.

## COUNTERCLAIM – SUIT FILED AS A SLAPP ACTION AND SHOULD BE DISMISSED PER ANTI-SLAPP STATUTE

1.  Section 425.16 of the California Code of Civil Procedure, enacted in 1992, states that "it is in the public interest to encourage continued participation in matters of public significance," without "abuse of the judicial process."

2.     The California Supreme Court described a two-part test for special motions to strike in *Navallier v. Sletten* in 2002. *Navallier v. Sletten* 106 Cal.App.4th 763(2003).

3.     First, the defendant must establish that the lawsuit is based on a "protected activity," as defined by § 425.16(e).

4.     Second, they must show "a probability of prevailing on the claim."

5.     This suit violated both of those two parts.

6.     A plaintiff bringing a claim in the current action based on a statutory violation must still allege a concrete and particularized injury as a "plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it." Id. at 1549.

7.     "'For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" Id.at 1547-1548, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, n. 1.

8.     For an injury to be concrete, the injury must actually exist; it "must be 'defacto.'" Id.

9.     A "bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. Id.

10.    Applying Spokeo, courts have found a plaintiff lacks Article III standing to bring claims under the TCPA due to the failure to establish a concrete any "concrete harm" or injury as a result of its phone calls. See *Romero v. Department Stores National Bank, et al*., --- F.Supp.3d ---, 2016 WL 4184099, at *2 (S.D. Cal. Aug. 5, 2016); *Smith v. Aitima Med. Equip., Inc*., 2016 WL 4618780, at *4 (CD. Cal. July 29, 2016).

11.    Plaintiff does not plead any facts establishing that he suffered any concrete or particularized injury.

12.    In fact, Plaintiff does not allege that he suffered any damages whatsoever as a result of any alleged violations of the TCPA.  (Complaint, ¶¶ 11-28.)

13.    In this particular case, there were never any violations, as Plaintiff's number, the only allegedly number called, is a business number and was listed as such on their MANTA and Facebook Business account.

14.    Problematically, Plaintiff's counsel was informed of this, by Defendant back in September, and again by Defendant's counsel in October, 2020 but ignored and filed their deficient complaint any way.

15.    As such, Plaintiff was aware that the complaint should not be filed, and their attorney acknowledged as much several times, but moved forward any way.

16.    The case should be dismissed, and Defendant compensated for all fees and costs associated with the defense of this action.

## **RESERVATION OF DEFENSE**

Defendant reserves the right to add additional defenses, new matters and Counterclaims as are made known during the course of discovery.

WHEREFORE, Defendant requests the Plaintiff's Complaint be dismissed, that Plaintiff be awarded actual and statutory damages and cost and declaratory and injunctive relief declaring the mortgage void and unenforceable and/or rescinding and/or reforming the mortgage; and that Defendant be awarded a judgment for the relief requested herein; as well as for such other and further relief as is a Honorable Court deems just and proper.

Dated: February 16, 2021          By: /s/ Joshua Thomas
                                        Joshua Thomas Esq.
                                        Appearing Via *Pro Hac Vice*
                                        Attorney for Defendant
                                        ZIP CAPTIAL GROUP, LLC

1

2    Dated: February 16, 2021          By:  /s/ David J. Kaminski

3                                           David J. Kaminski
                                            Attorney for Defendant,
4                                           ZIP CAPTIAL GROUP, LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, David J. Kaminski, hereby certify that on this 16th day of February, 2021, a true and accurate copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

/s/David J. Kaminski
David J. Kaminski
CARLSON & MESSER LLP

{00146365;1}

9